WO                                                                                                              KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francis A. Grandinetti, II, | No. CV 08-865-PHX-MHM (BPV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Clayton A. Frank, | |
| Defendant. | |

Plaintiff Francis A. Grandinetti, II, who is confined in the Corrections Corporation of America facility in Eloy, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the $350.00 filing fee or filed a complete Application to Proceed *In Forma Pauperis*.

**I.     "Three Strikes Provision" of 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases that were dismissed before the effective date of

1 § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes." Tierney
2 v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997). A prisoner barred from proceeding *in*
3 *forma pauperis* pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C.
4 §§ 1911-14 applicable to everyone else. Adepegba v. Hammons, 103 F.3d 383, 388 (5th
5 Cir.1996).

6 More than three of the prior actions Plaintiff has filed in federal courts have been
7 dismissed as frivolous, malicious, or as failing to state a claim. See Grandinetti v. Iranon,
8 CV 96-101-HC (E.D. Tex. Jan. 26,1998); Grandinetti v. Iranon, CV 96-0118-TH (E.D. Tex.
9 Jul. 20, 1998); Grandinetti v. Bobby Ross Group, Inc., CV 96-117-TH (E.D. Tex. Mar. 5,
10 1999); and Grandinetti v. Luna, CV 01-1090-PHX-MHM (SLV) (D. Ariz. Aug. 3, 2001).

11 Accordingly, Plaintiff may not bring a civil action without complete pre-payment of
12 the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C.
13 § 1915(g).

14 **II.     Failure to Allege Imminent Danger of Serious Physical Injury**

15 Plaintiff appears to be attempting to bring claims in this action that he originally
16 presented to the United States District Court for the District of Hawaii. All of Plaintiff's
17 claims appear to relate to past harms and the District Court for the District of Hawaii has
18 already determined that Plaintiff's claims do not allege an imminent danger of serious
19 physical injury. This Court has reviewed Plaintiff's claims and agrees with the findings of
20 the District Court for the District of Hawaii. An allegation of past harm does not constitute
21 a credible allegation that Plaintiff is in imminent danger of serious physical injury as required
22 by 28 U.S.C. § 1915(g) in order for Plaintiff to bring this action without complete pre-
23 payment of the $350.00 filing fee. Accordingly, the Complaint and this action will be
24 dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) for failure to pre-pay the
25 $350.00 filing fee. If Plaintiff wishes to reassert these claims in the future, he must pre-pay
26 the entire $350.00 filing fee when he files his action.

27 . . .

28

1  **IT IS ORDERED**:

2      (1) Plaintiff's Complaint (Doc. #1) and this action are **dismissed** pursuant to 28
3  U.S.C. § 1915(g) without prejudice to Plaintiff filing a complaint in a new case accompanied
4  by the full $350.00 filing fee.

5      (2) The Clerk of Court must enter judgment and close this case.

6  DATED this 14th day of May, 2008.

                      Mary H. Murguia
                      United States District Judge